In the Matter of the Application of Martin Gollubier to Fix and Determine the Liability of National Surety Company as Surety on the Bond of Erna Lustig, as Administratrix, etc., of Julius Lustig, Deceased.

National Surety Corporation and National Surety Company, Appellants; Martin Gollubier, Respondent.

First Department, March 16, 1934.

*Wendell P. Barker* of counsel [*John E. Booth* with him on the brief; *Barker, Perrigo & Bonynge,* attorneys], for the appellant National Surety Corporation.

*Martin Gollubier,* attorney *pro se.*

UNTERMYER, J.   The National Surety Corporation appeals from a decree of the Surrogate's Court of Bronx county, which holds it liable upon the bond of Erna Lustig, as administratrix of Julius Lustig, deceased, by reason of a stipulation filed in that court whereby the National Surety Corporation assumed responsibility with certain limitations, upon fiduciary bonds theretofore executed by the National Surety Company.   The stipulation or assumption certificate was executed on April 29, 1933, between the National Surety Company, by the Superintendent of Insurance of the State of New York, as rehabilitator, and the National Surety Corporation.   By that stipulation the National Surety Corporation " submits itself to the jurisdiction of the above mentioned court, and assumes liability for and agrees to pay all losses arising from, or caused by acts committed on and after the 1st day of May, 1933, under any and all Fiduciary Court Bonds issued by National Surety Company and filed in said court covering risks involving estates held or administered by persons acting in a fiduciary or trust capacity."   The stipulation further expressly provides that it shall not apply to " losses arising from, or caused by, acts committed prior to May 1, 1933," " under fiduciary court bonds covering risks involving estates held or administered by persons or corporations acting in a fiduciary or trust capacity."

Under this stipulation the National Surety Corporation is not liable for the acts of the administratrix, for the reason that the liability antedated May 1, 1933.   The administratrix had applied for the judicial settlement of her account on February 15, 1932. In that proceeding the respondent was appointed special guardian for certain infants, in whose behalf he filed, on November 26, 1932, objections to the account.   The objections were heard on December

14, 1932, and on April 18, 1933, a decision upon the objections was filed by the surrogate. A decree was entered on April 28, 1933, which, among other things, provided for payment to the respondent of an allowance for his services. That payment not having been made by the administratrix, the National Surety Corporation was held liable therefor by the surrogate under its assumption certificate.

We think that such a liability was expressly excluded by the stipulation of April 29, 1933. The liability arose on account of the failure of the administratrix to pay the respondent for his services as special guardian. The obligation to make that payment had in all respects accrued and was complete on April 28, 1933, when the decree was entered which directed the payment to be made. It seems clear that the failure of the administratrix to make the payment upon the entry of the decree on April 28, 1933, was an act " committed prior to May 1, 1933; " for which the National Surety Corporation is not liable.

The decree to the extent that it adjudges that the National Surety Corporation is liable to the respondent is reversed, with costs to the appellant to be paid out of the estate, and the petition dismissed as against the National Surety Corporation, with costs to appellant payable out of the estate.

FINCH, P. J., and TOWNLEY, J., concur; MARTIN and GLENNON, JJ., dissent and vote for affirmance for the reasons assigned in the opinion of the surrogate.

Decree appealed from to the extent that it adjudges that the National Surety Corporation is liable to the respondent reversed, with costs to the appellant payable out of the estate, and the petition dismissed as against the said National Surety Corporation, with costs to the appellant payable out of the estate.