In the Matter of the Estates of SAMUEL, REBECCA and ETHEL COPSTEIN, Deceased.

Surrogate's Court, New York County, April 11, 1935.

*Leo T. Kissam,* for the National Surety Corporation.

*Hubert P. Kelly,* for the successor general guardian.

DELEHANTY, S. The successor guardian of Ethel Copstein, daughter of Samuel and Rebecca Copstein, applies in these proceedings to have fixed the liability of the sureties (a) upon the bond of the administrators of the estate of Samuel Copstein, (b) upon the bond of the administrators of the estate of Rebecca Copstein,

and (c) upon the bond of the guardians formerly acting for the infant, Ethel Copstein.

Samuel Copstein, the father of the infant, died shortly before his wife Rebecca. By operation of law his net estate passed one-third to his wife Rebecca and two-thirds to his daughter Ethel. Shortly thereafter when Rebecca Copstein died her net estate passed to her daughter, Ethel Copstein. The same individuals who were acting as administrators for the estate of Samuel Copstein acted as administrators of the estate of Rebecca Copstein and acted also as general guardians of the infant. However, in legal theory, they were wholly different persons in their representative capacities just as if they were named Jones, Smith and Brown respectively. Their respective responsibilities were heretofore fixed by decrees made by this court on May 18, 1934, following a decision of the court published June 30, 1933.

The administrators of Samuel Copstein (Jones) were surcharged because they failed to conserve the assets of his estate. The administrators of Rebecca Copstein (Smith) were surcharged because they failed to collect from the estate of Samuel Copstein what should have been collected from it and also because they had failed to conserve the assets actually collected by them. The guardians (Brown) were surcharged because they failed to collect from the estate of Samuel Copstein the property which they should have collected from it, because also they failed to collect from the estate of Rebecca Copstein the property that they should have collected from it and because also they failed properly to conserve and administer the infant's estate which actually came into their hands.

Objection is made by the surety which has appeared here that there is an overlapping of surcharge. That question is not open now. The surcharges were fixed by the decrees and until the decrees are modified they stand as the rule of liability for the surety. Of course, there is substance to the assertion that the infant's estate should not be paid any more than enough to make it whole. When and if there is presented a situation which threatens to accomplish that result, a basis will exist for application to the court to modify its former decrees. Presently no such result is threatened. The surety which makes the objection is making it for its own protection. It argued separately that it is not bound at all and for reasons stated hereafter that contention has been sustained by the court. The original surety is in liquidation. That its assets will ever pay a dividend of one hundred cents on the dollar is most unlikely. The practical result, therefore, will be that the estate of the infant will not be overpaid unless the present expectations

as to the dividends payable by the liquidated surety are happily disappointed. No basis will exist for change in the decrees until and unless the maximum payable under all of them will aggregate more than the infant's estate is entitled to have. There is and will be no difficulty in the way of making an adjustment if that result occurs, because in each case the same surety is involved.

The original surety for the respective fiduciaries was National Surety Company now in liquidation. On April 30, 1933, National Surety Corporation executed and filed in this court a certificate whereunder it assumed liability to the extent outlined in that certificate. The findings heretofore made by the court establish that the acts of these fiduciaries, which constituted a waste of the respective properties in their hands and which were made the basis to the surcharge against them, occurred prior to the date of such assumption certificate. The fact that the decrees holding the fiduciaries liable were signed after the date of the assumption does not suffice to warrant holding National Surety Corporation liable. (*Matter of Block*, N. Y. L. J. June 14, 1933; *Matter of Propp*, Id. Nov. 23, 1933; affd., 241 App. Div. 863; *Matter of Saks*, 153 Misc. 262; *Matter of Lustig*, 240 App. Div. 405; affd., 265 N. Y. 517.) Accordingly the respective applications in these proceedings to fix the liability of National Surety Corporation are denied.

The petitions here request fixation also of the liability of National Surety Company. The record shows that a citation issued to it was served upon a special deputy superintendent of insurance in charge of the liquidation of that company which is now proceeding under article XI of the Insurance Law. The liquidator of National Surety Company has not appeared in this court and the legal position of the Insurance Superintendent is understood by the court to be that article XI of the Insurance Law furnishes an exclusive method for the making and for the adjudication of claims enforcible against assets of National Surety Company in liquidation. The petitioners are at liberty to pursue their claims against the assets of National Surety Company in liquidation without the entry of any order or decree of this court. In their behalf the Attorney-General of the State of New York has filed a blanket claim and the court is advised that all individual claimants, such as petitioner here, may furnish specific proof of their rights in particularization of the general claim heretofore filed. In such circumstances no further action in this court is required.

An order in each proceeding may be submitted on notice denying the respective motions in so far as they seek to charge National Surety Corporation.

Submit, on notice, order accordingly.